101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Raul VALDEZ, aka Flaco, Defendant,
Charles JEFFERSON, Defendant-Appellant.
 No. 95-1463.
 United States Court of Appeals, Second Circuit.
 May 20, 1996.
 
 Appearing for Appellant: Colleen P. Cassidy, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY.
 Appearing for Appellee: James P. Kennedy, Jr., Assistant United States Attorney, Western District of New York, Buffalo, NY.
 W.D.N.Y.
 AFFIRMED.
 Present: WINTER, JACOBS, CABRANES, Circuit Judges.
 
 
 1
 Charles Jefferson appeals from his conviction after a jury trial before Judge Skretny. Jefferson was convicted of one count of conspiring to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Jefferson argues that the district court abused its discretion in refusing to instruct the jury regarding his defense of derivative entrapment. We disagree and affirm.
 
 
 2
 To be entitled to a derivative entrapment charge, a defendant must demonstrate some evidence that he was induced to participate in the criminal scheme by conduct or statements by a government agent relayed by a middleman. United States v. Pilarinos, 864 F.2d 253, 256 (2d Cir.1988); see also United States v. Valencia, 645 F.2d 1158, 1168 (2d Cir.1980), as amended by 669 F.2d 37 (2d Cir.1980) (defendant may show he was entrapped by indirect inducement). Once the defendant proffers evidence of inducement, the trial court must give an instruction regarding the defense unless the government presents uncontradicted proof that the defendant was predisposed to commit the offense. United States v. Riley, 363 F.2d 955, 959 (2d Cir.1966).
 
 
 3
 Jefferson alleges that a government informant instructed co-defendant Raul Valdez to induce Jefferson to travel from California to New York to assist Valdez in manufacturing methamphetamine. He argues that transcripts of taped telephone conversations between Valdez and the government informant support this claim. However, the evidence indicates that Jefferson joined the conspiracy prior to any request to travel to New York as Valdez's assistant. Before Valdez approached Jefferson about traveling to New York, Valdez's brother-in-law told Valdez that the glassware to be used in the manufacture of methamphetamine had been provided by Jefferson. Around this time, Valdez observed his brother-in-law meeting with Jefferson. Jefferson later stated to Valdez and to government undercover agents in videotaped statements that he supplied the glassware. The telephone conversations between Valdez and the government informant that lend some support to Jefferson's claim of derivative entrapment took place long after Jefferson had begun supplying the glassware for the conspiracy. Thus, any inducement by the government was irrelevant, and no derivative entrapment instructions were needed.
 
 
 4
 We therefore affirm.